IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| XMTT, INC., <br><br>    Plaintiff, <br><br>v. <br><br>INTEL CORPORATION, <br><br>    Defendant. | ) <br> ) <br> ) <br> ) <br> )  Civil Action No. 18-1810-RGA <br> ) <br> ) <br> )  **JURY TRIAL DEMANDED** <br> ) <br> ) |

**[JOINT PROPOSED] SCHEDULING ORDER**

This ___ day of June, 2021, the Court having conducted an initial Rule 16(b) scheduling conference pursuant to Local Rule 16.1(b), and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1. <u>Narrowing of the Asserted Claims and Prior Art References.</u>

   a. No later than one month before the service of Opening Expert Reports, Plaintiff shall serve its Final Election of Asserted Claims, which shall identify no more than 20 total asserted claims out of the 75 claims in the patents-in-suit.

   b. Within 21 days thereafter, Defendant shall serve its Final Election of Asserted Prior Art cumulatively identifying no more than 20 total prior art references or combinations thereof on which Defendant will rely for purposes of Section 102/103.

2. <u>Amendment of Pleadings</u>. All motions to amend or supplement the pleadings to add a claim or defense for unenforceability due to inequitable conduct shall be filed on or before

**October 22, 2021**.  No other motion to amend or supplement the pleadings or join other parties shall be filed without the Court's leave.

[**XMTT's Proposal**:[1]

    3.    *Supplemental Claim Construction*.

        a.    *The parties shall meet and confer regarding the applicability of the Patent Trial and Appeal Board (PTAB)'s Final Written Decision to issues of claim construction in this case.  If the parties cannot reach agreement, the parties shall submit the dispute to the Court for resolution on the following schedule:*

            i.    *Two weeks after entry of this Scheduling Order, the parties shall simultaneously file opening letters, not to exceed 4 pages, with their positions on the applicability of the PTAB's Final Written Decision to issues of claim construction in this case.*

            ii.    *Three weeks after entry of this Scheduling Order, the parties shall simultaneously file responsive letters not to exceed 2 pages.*

---

[1] **XMTT's Position:** The PTAB's Final Written Decision centered on a claim construction of a term that was not addressed in the Court's prior claim construction order, and which XMTT anticipates will be a disputed issue in this litigation requiring resolution by the Court.  While the PTAB's construction is not binding on this Court, the prospect of "the creation of additional prosecution history" was one of the reasons that the Court granted Intel's request to stay the litigation pending IPR.

**Intel's Position:**  Intel does not agree that further claim construction by this Court is necessary at this time, given that the PTAB's construction is not binding on this Court and will be addressed by the Federal Circuit. Nonetheless, in the event that the Court entertains additional claim construction as proposed by XMTT, Intel respectfully requests that any such briefing proceed sequentially, with XMTT raising its issues in an opening brief and Intel filing a response. Additionally, if there is supplemental claim construction, then Intel respectfully requests that the rest of the schedule be extended by eight weeks, so as to allow time for that briefing and for resolution of any issues raised.

        iii. *Five weeks after entry of this Scheduling Order, the Court will hear argument on the claim construction issues raised in the parties' letters. Absent prior approval of the Court (which, if it is sought, must be done so by joint letter submission no later than the date on which responsive letters are due), the parties shall not present testimony at the argument, and the argument shall not exceed a total of one hour.*

**<u>Intel's Proposal (only if the Court chooses to entertain additional claim construction):</u>**

    3. <u>Supplemental Claim Construction</u>.

        b. The parties shall meet and confer regarding the applicability of the Patent Trial and Appeal Board (PTAB)'s Final Written Decision to issues of claim construction in this case. If the parties cannot reach agreement, the parties shall submit the dispute to the Court for resolution on the following schedule:

        i. Two weeks after entry of this Scheduling Order, XMTT shall file an opening letter, not to exceed 4 pages, with its positions on the applicability of the PTAB's Final Written Decision to issues of claim construction in this case;

        ii. Four weeks after entry of this Scheduling Order, Intel shall file a letter, not to exceed 4 pages, responding to XMTT's letter;

        iii. Five weeks after entry of this Scheduling Order, XMTT shall file a reply letter, not to exceed 2 pages, responding to Intel's response;

        iv. Six weeks after entry of this Scheduling Order, Intel shall file a sur-reply letter, not to exceed 2 pages, responding to XMTT's reply.

> v. *Eight weeks after entry of this Scheduling Order, or at such time as convenient for the Court, the Court will hear argument on the claim construction issues raised in the parties' letters.  Absent prior approval of the Court (which, if it is sought, must be done so by joint letter submission no later than the date on which responsive letters are due), the parties shall not present testimony at the argument, and the argument shall not exceed a total of one hour.]*

4. <u>Discovery</u>.

   a. <u>Discovery Cut Off</u>. All discovery in this case shall be initiated so that it will be completed on or before **November 19, 2021.**

   b. <u>Discovery Limits</u>. The limits for requests for admission, interrogatories, and depositions specified in the Court's prior Scheduling Order (D.I. 25) shall continue to apply.

5. <u>Disclosure of Expert Testimony</u>.

   a. <u>Expert Reports</u>. For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before **January 18, 2022**. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before **February 18, 2022**. Reply expert reports from the party with the initial burden of proof are due on or before **March 11, 2022**. No other expert reports will be permitted without either the consent of all parties or leave of the Court. If any party believes that an expert report does not comply with the rules relating to timely disclosure or exceeds the scope of what is permitted in that expert report, the complaining party must notify the offending party within one week of the submission of the expert report. The parties are expected to promptly try to resolve any such disputes, and, when they cannot

reasonably be resolved, use the Court's Discovery Dispute Procedure or the complaint will be waived.

Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition. Depositions of experts shall be completed on or before **April 6, 2022**.

        b.      <u>Objections to Expert Testimony</u>. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

    6.    <u>Case Dispositive Motions</u>. All case dispositive motions shall be served and filed on or before **May 11, 2022**. No case dispositive motion under Rule 56 may be filed more than ten days before the above date without leave of the Court. Opposition to any case dispositive motion shall be served and filed on or before **June 8, 2022**. Replies to any case dispositive motion shall be served and filed on or before **June 29, 2022**. Absent an order of the Court upon a showing of good cause, each side is limited to one forty-page opening brief, one forty-page answering brief, and one twenty-page reply brief for all of its Daubert and case dispositive motions.

    7.    <u>Applications by Motion</u>. Except as otherwise specified herein, any application to the Court shall be by written motion. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

8. <u>Pretrial Conference</u>. On **[*XMTT's Proposal:* August 26, 2022; *Intel's Proposal:* November __, 2022*]*²**, the Court will hold a Rule 16(e) final pretrial conference in Court with counsel. The parties shall file a joint proposed final pretrial order in compliance with Local Rule 16.3(c) no later than 5 p.m. on the fourth business day before the date of the final pretrial conference. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d) for the preparation of the proposed joint final pretrial order.

9. <u>Motions *in Limine*</u>. Motions *in limine* shall be separately filed, with each motion containing all the argument described below in one filing for each motion. Any supporting documents in connection with a motion *in limine* shall be filed in one filing separate from the motion *in limine*. Each party shall be limited to three *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three pages of argument and may be opposed by a maximum of three pages of argument, and the party making the *in limine* request may add a maximum of one additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three page submission (and, if the moving party, a single one page reply). No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

10. <u>Jury Instructions, Voir Dire, and Special Verdict Forms</u>. Where a case is to be tried to a jury, pursuant to Local Rules 47.1(a)(2) and 51.1, the parties should file (i) proposed

---

² **XMTT's Position:** XMTT proposes setting the final pretrial conference shortly before its proposed September 2022 trial date.

**Intel's Position:** Intel proposes setting the final pretrial conference for November (or the end of October), consistent with Intel's proposal of a November 2022 trial date, addressed below.

voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms no later than 6 p.m. on the fourth business day before the date of the final pretrial conference. Areas of dispute shall be identified as narrowly as possible and in a manner that makes it readily apparent what the dispute is. The parties shall submit simultaneously with filing each of the foregoing four documents in Word format to rga_civil@ded.uscourts.gov.

11. <u>Trial</u>. This matter is scheduled for a **5 day jury trial** beginning at 9:30 a.m. on [***XMTT's Proposal:*** *September 6, 2022*; ***Intel's Proposal:*** *November __, 2022*]³ with the subsequent trial days beginning at 9:30 a.m. Until the case is submitted to the jury for deliberations, the jury will be excused each day at 5:00 p.m. The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

12. <u>ADR</u> Process. This matter is referred to a magistrate judge to explore the possibility of alternative dispute resolution.

                                                                           The Honorable Richard G. Andrews

---

³ **XMTT's Position:** XMTT's proposed trial date of early September 2022 is consistent with the rest of the parties' proposed schedule. For the Court's awareness, XMTT's trial counsel has trials scheduled in October 2022 (in this district) and in December 2022 (in another district, also against Intel).

**Intel's Position:** Intel's trial counsel has a conflict with XMTT's proposed date, due to a trial currently scheduled for September 2022. Intel does not oppose scheduling a trial in October 2022, but understands that the XMTT's counsel has another trial scheduled that month. Additionally, the Court's calendar currently reflects multiple patent trials already scheduled for each of September and October 2022. Accordingly, Intel proposes scheduling the trial for November 2022, when both parties are available.