# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| XMTT, INC., | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
|       vs. | )    Civil Action No. 18-1810-MFK |
| | ) |
| INTEL CORPORATION, | ) |
| | ) |
|       Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

    XMTT sued Intel for infringement of two patents concerning computer memory architecture for hybrid serial and parallel processing systems. Intel petitioned for, and was granted, *inter partes* review of one of the patents. During that review, the Patent Trial and Appeal Board (PTAB, or Board) proposed its own construction of certain terms, and it subsequently relied on those constructions in ultimately rejecting Intel's petition. The Federal Circuit affirmed the PTAB's decision on the basis of judicial estoppel.

    Intel now asks this Court to engage in a supplemental round of claim construction and adopt the PTAB's constructions. XMTT opposes these constructions and argues that the plain language of the terms is sufficient. For the foregoing reasons, the Court concludes that additional construction is not warranted.

## Background

    In November 2018, XMTT sued Intel for infringement of two patents. Known in this litigation as the '879 and '388 patents, both patents "generally relate to computing

and more specifically to a computer memory architecture for hybrid serial and parallel computing systems."  Compl. ¶¶ 11, 39 (dkt. no. 1) (discussing U.S. patent numbers 7,707,388 and 8,145,879).  In May 2020, the judge to whom this case was previously assigned issued a decision on the parties' original request for claim construction, which concerned five terms.  *See XMTT, Inc. v. Intel Corp.*, No. 18-CV-1810-RGA, 2020 WL 2404825 (D. Del. May 12, 2020).

Later that May, Intel filed a petition to institute an *inter partes* review of all thirty-nine claims in the '388 patent.  Intel argued for invalidity based on four existing computer processing system patents (labeled Nakaya, Nakamura, Koufaty, and Vishkin).  The PTAB granted review and informed the parties that claim construction would be an open issue for trial.  *See Intel Corp. v. XMTT, Inc.*, No. IPR2020-00145, 2020 WL 2562752 (P.T.A.B. May 20, 2020).  During the *inter partes* review oral hearing, the Board proposed its own constructions for several terms.  The Board consequently invited both parties to submit supplemental briefing on its proposals.

In its final decision, the Board concluded that Intel had failed to show that any of the claims of the '388 patent were unpatentable.  *See Intel Corp. v. XMTT, Inc.*, No. IPR2020-00145, 2021 WL 1895938 (P.T.A.B. May 11, 2021).  But before reaching this ultimate conclusion, the Board also construed various claim terms consistent with its proposals at the oral hearing.  *See id.* at *3–6.  For example, the Board determined that "'adapted to' means 'configured to,' 'primarily' means 'largely but not wholly,' and the serial and parallel processing modes each refer to the execution of the system as a whole."  *Id.* at *5.

Intel appealed, arguing that the Board's constructions were incorrect and that the

Board had violated its due process rights in changing claim construction theories after the original briefing. The Federal Circuit affirmed the Board's decision in a short opinion, which is reproduced here in its entirety:

> Intel Corporation appeals from an *inter partes* review final written decision. *See Intel Corp. v. XMTT, Inc.*, No. IPR2020-00145, 2021 WL 1895938 (P.T.A.B. May 11, 2021) (*Board Decision*). In that decision, the Patent Trial and Appeal Board held that no claim of U.S. Patent No. 7,707,388 would have been obvious over Nakaya in combination with other references. For the following reasons, we affirm.
>
> Intel is judicially estopped from raising its claim construction argument. The Board adopted the claim construction for which Intel advocated. *Board Decision*, 2021 WL 1895938, at *4–5. Yet, Intel now changes its position and advocates for a claim construction that is clearly inconsistent with its position before the Board. *Compare* Appellant's Br. 36–37, *with* J.A. 685–86. Intel is judicially estopped from raising this argument. We need not consider Intel's argument that Nakaya discloses the disputed claim limitations under its new construction.
>
> Further, the Board did not violate Intel's due process rights. Even if Intel was entitled to an opportunity to respond to the Board's claim construction, the Board provided one. It allowed supplemental briefing for the express purpose of addressing its proposed claim construction. J.A. 591–95. Thus, there was no due process violation.

*Intel Corp. v. XMTT, Inc.*, No. 2021-2127, 2022 WL 1152312, at *1 (Fed. Cir. Apr. 19, 2022) (footnote omitted). Having affirmed on the basis of judicial estoppel, the Federal Circuit did not address the Board's claim construction rulings on the merits.

During the pendency of the Federal Circuit appeal, the parties filed a joint supplemental claim construction brief before this Court. In this brief, XMTT asked the Court to "proceed under the plain language of the claims," and Intel asked the Court to "reject[] the PTAB's constructions." Joint Suppl. Claim Constr. Br. at 1–2 (dkt. no. 224). Intel's proposed constructions, however, repeated the claim language verbatim. *See id.* at 4–7 (listing proposed constructions). XMTT advanced alternative construction

3

language in the event that the Court agreed that construction was necessary, but its primary position was that the plain language sufficed.  Given the lack of a real dispute, XMTT contended that Intel simply wanted an advisory opinion on the correctness of the PTAB's decision, which Intel could then leverage before the Federal Circuit on appeal. *See id.* at 7–8.  The Court did not rule at that point, however, and once the Federal Circuit issued its decision, the parties' briefing was effectively moot.

Now, in light of the Federal Circuit's decision, Intel asks the Court to adopt the Board's constructions.  XMTT opposes construction of the terms in question and contends that the terms' plain language is sufficient.  Intel's proposed constructions are as follows:

- "Serial processor" – "a processor adapted to execute so that the system executes largely but not wholly in serial on the serial processor"
- "Parallel processor" – "processors adapted to execute so that the system executes largely but not wholly in parallel on the parallel processors"
- "Serial processing mode" – "a mode where the system executes largely but not wholly in serial on the serial processor"
- "Parallel processing mode" – "a mode where the system executes largely but not wholly in parallel on the parallel processors"
- "Primarily" – "largely but not wholly"
- "Adapted to" – "configured to"

*See* Proposed Claim Constr. Order (dkt. no. 262) (specifying patent and claim numbers for each term).

4

**Discussion**

"It is a bedrock principle of patent law that the claims of a patent define the invention to which the patentee is entitled the right to exclude."  *Phillips v. AWH Corp.*, 415 F.3d 1303, 1312 (Fed. Cir. 2005) (en banc) (internal quotation marks omitted).  "'[T]here is no magic formula or catechism for conducting claim construction."  *Id.* at 1324.  Nor is "the sequence of steps used by the judge in consulting various sources . . . important; what matters is for the court to attach the appropriate weight to be assigned to those sources in light of the statutes and policies that inform patent law." *Id.*  "A claim construction is persuasive, not because it follows a certain rule, but because it defines terms in the context of the whole patent."  *Renishaw PLC v. Marposs Societa' per Azioni*, 158 F.3d 1243, 1250 (Fed. Cir. 1998).

When construing patent claims, a court considers the intrinsic evidence, which includes the literal language of the claim, the patent specification, and the prosecution history.  *See Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 977–80 (Fed. Cir. 1995) (en banc), *aff'd*, 517 U.S. 370 (1996).  "[T]he words of a claim are generally given their ordinary and customary meaning," which is "the meaning that the term would have to a person of ordinary skill in the art in question at the time of the invention, i.e., as of the effective filing date of the patent application."  *Phillips*, 415 F.3d at 1312–13 (cleaned up).  "In some cases, the ordinary meaning of claim language as understood by a person of skill in the art may be readily apparent even to lay judges, and claim construction in such cases involves little more than the application of the widely accepted meaning of commonly understood words."  *Id.* at 1314.

Intel makes three arguments in support of construction: 1) the intrinsic evidence,

particularly the prosecution history, supports construction; 2) the terms must be construed consistently for both validity and infringement; and 3) collateral estoppel should apply to the PTAB's construction of the terms in question. The Court will address each argument in turn.

### A. Intrinsic evidence

Intel argues first that the intrinsic evidence supports its proposed claim construction. Intel attaches special import to the prosecution history as the key intrinsic evidence, which it refers to as the "most significant source of the legally operative meaning of disputed claim language." Def. Intel Corp.'s Opening Suppl. Br. at 9 (dkt. no. 260) (quoting *Vitronics Corp. v. Conceptronic, Inc.*, 90 F.3d 1576, 1581 (Fed. Cir. 1996)). The Board's construction, Intel contends, is part of the prosecution history. As such, Intel argues, "a person of ordinary skill in the art would understand the Board's claim constructions to define the claims." *Id.* Additionally, Intel argues that the principle of *stare decisis* counsels in favor of treating a patent uniformly throughout litigation concerning the patent.

In contrast, XMTT contends that Intel has not paid sufficient attention to the claims' plain language. According to XMTT, the terms are "self-explanatory," which, it says, is why the parties did not propose them for construction during the original claim construction process before the previously assigned judge in this case. XMTT's Resp. Suppl. Br. at 7–8 (dkt. no. 265). XMTT also argues that the prosecution history is not binding in this situation as a tool of claim construction, and to the extent that the prosecution history is relevant, XMTT originally argued to the Board that the plain language of the terms sufficed.

Claim construction "must begin and remain centered on the claim language itself." *Source Vagabond Sys. Ltd. v. Hydrapak, Inc.*, 753 F.3d 1291, 1299 (Fed. Cir. 2014) (quoting *Innova/Pure Water, Inc. v. Safari Water Filtration Sys., Inc.*, 381 F.3d 1111, 1116 (Fed. Cir. 2004)).  XMTT accordingly centers its analysis on why there is no need to redefine the pertinent language in the claims.  See XMTT's Resp. Suppl. Br. at 7–8 (dkt. no. 265).  For example, XMTT notes that one of the claims already states that a "serial processor" is a "processor adapted to execute software instructions in a software program primarily in serial." *Id.* at 7 (quoting U.S. Patent No. 7,707,388 col. 13 l. 52 (filed Apr. 27, 2010).  In a similar vein, XMTT points out that the prior construction order in this case already construes the phrase "prior to a transition from a serial processing mode to a parallel processing mode" to mean "before the point in time when the [] parallel processors take over processing the software instructions in the software program from the serial processor and execute instructions in the software program in parallel." *Id.* (alteration in original).  Additionally, XMTT further contends that the terms "primarily" and "adapted to" do not need explanation, which is demonstrated in part by the fact that the Board described "adapted to" and "configured to" as interchangeable terms.  *Id.* at 8.

Intel, on the other hand, offers no comparable discussion of why it contends the plain language is insufficient.  When the claim language is "readily apparent" to a person of skill in the art, construction "involves little more than the application of the widely accepted meaning of commonly understood words." *Phillips*, 415 F.3d at 1314.  Intel's lack of discussion of the point tends to suggest that construction is unnecessary.

In contrast to XMTT's emphasis on the plain language, Intel singularly focuses on

7

the prosecution history as the dispositive intrinsic evidence.  But not all intrinsic evidence is created equal.  The prosecution history is significant only to the extent that "any explanation, elaboration, or qualification presented by the inventor during patent examination . . . capture[s] the scope of the actual invention that is disclosed, described, and patented."  *AstraZeneca AB v. Mylan Pharms. Inc.*, 19 F.4th 1325, 1335 (Fed. Cir. 2021) (cleaned up); *see also id.* at 1336 (explaining that "even in the absence of a clear and unmistakable disavowal," relevant evidence can also include canceled claims).  Heeding *AstraZeneca*, Intel contends that the Court should rely on the prosecution history, which includes the Board's constructions, because XMTT previously supported the Board's interpretation during the *inter partes* review.

     A close examination of the record reveals, however, that XMTT did not support the Board's eventual interpretation and instead has always contended that construction of the pertinent terms is not necessary.  In the very first paragraph of XMTT's brief responding to the Board's order for briefing on its own proposed interpretation of the claims, XMTT emphasized that "the specification does *not* support an interpretation of the claims where individual processors switch between serial and parallel configurations . . . so no further interpretation is necessary."  Pat. Owner's Br., Ex A at 2 (dkt. no. 261-1) (emphasis in original).  Despite XMTT's position, the Board adopted the claim construction for which Intel advocated.  *See Intel Corp. v. XMTT, Inc.*, No. IPR2020-00145, 2021 WL 1895938, at *4–5 (P.T.A.B. May 11, 2021).  On appeal to the Federal Circuit, XMTT primarily argued that judicial estoppel barred Intel from challenging the Board's constructions—an argument that carried the day.  *See Intel Corp.*, 2022 WL 1152312 at *1.  In other words, XMTT did not advocate a particular construction; rather

8

it contended that Intel was precluded from changing positions on appeal.

Intel's reference to the earlier claim construction briefing in the present case before the previously assigned judge does not change the calculus either. In that brief, XMTT maintained—as it does now—that "the Court should proceed under the plain language of the claims . . . and that no further construction is necessary." Joint Suppl. Claim Constr. Br. at 1 (dkt. no. 224). XMTT only presented alternative constructions for consideration in the event the Court rejected its position and determined that it was necessary to construe the pertinent claim terms.

All of this evidence reflects that XMTT has consistently argued that the terms need not be construed. The Court concludes that the prosecution history does not provide any "explanation, elaboration, or qualification" that better "capture[s] the scope of the actual invention" than the claim language itself. *AstraZeneca*, 19 F.4th at 1335. The Court therefore agrees with XMTT that the plain language should control here, as it is the intrinsic evidence that is most directly on point. Finally, Intel's invocation of *stare decisis* lacks merit. As a preliminary matter, it is not clear that this argument is materially any different from Intel's collateral estoppel argument given that the parties in the two proceedings are the same. *See generally Ottah v. Fiat Chrysler*, 884 F.3d 1135, 1140 (Fed. Cir. 2018) (discussing the similarity between *stare decisis* principles and issue preclusion in the context of claim construction). That aside, XMTT appropriately analogizes this case to *In re Koninklijke Philips Patent Litigation*, No. 18-CV-01885-HSG, 2020 WL 2733931 (N.D. Cal. May 26, 2020), in which the court concluded that it was "not bound" by the PTAB's claim construction when the Federal Circuit "expressly declined to address the parties' claim construction dispute" on appeal.

9

*Id.* at *1. Here too, the Federal Circuit did not address the claim construction dispute on the merits, which means that court's decision does not bind this Court on this issue. *See Intel Corp. v. XMTT, Inc.*, No. 2021-2127, 2022 WL 1152312, at *1 (Fed. Cir. Apr. 19, 2022).

In sum, the Court overrules Intel's argument that the intrinsic evidence supports Intel's proposed claim construction.

**B.     Interpretation consistency**

Intel argues next that the Court should adopt the Board's constructions to avoid inconsistent constructions as between validity and infringement. Consistency, according to Intel, "requires that the Board's constructions also govern the assessment of infringement in this Court." Def. Intel Corp.'s Opening Suppl. Br. at 11 (dkt. no. 260). To support this contention, Intel cites two Federal Circuit cases. *See CommScope Techs. LLC v. Dali Wireless Inc.*, 10 F.4th 1289 (Fed. Cir. 2021); *01 Communique Lab'y, Inc. v. Citrix Sys., Inc.*, 889 F.3d 735, 743 (Fed. Cir. 2018). The Court will briefly discuss each.

In *CommScope*, two technology companies—CommScope and Dali—sued each other for infringement of their telecommunication patents. *See CommScope*, 10 F.4th at 1291–95. A jury rendered a verdict of infringement, validity, and damages for both CommScope and Dali, and the district court denied both parties' post-trial motions. On appeal, the Federal Circuit primarily addressed the jury's finding that CommScope infringed Dali's patent. After first adopting the district court's claim construction of Dali's patent, the court determined that substantial evidence did not support the jury's finding of infringement. The court supported this conclusion, in part, by agreeing with

10

CommScope that Dali's infringement and invalidity contentions on appeal led to an "incongruity": Dali could not "simultaneously argue" that CommScope's device "infringes by using a switch that is effectively nonoperating for a single power amplifier when feeding back the signal for the other power amplifier," and that Dali's patent was valid since "it has a switch that operates identically to select feedback from multiple power amplifiers." *Id.* at 1299. The court said that the "case [fell] squarely within the principle that a 'patent may not, like a nose of wax, be twisted one way to avoid anticipation and another to find infringement.'" *Id.* (quoting *Amazon.com, Inc. v. Barnesandnoble.com, Inc.*, 239 F.3d 1343, 1351 (Fed. Cir. 2001)). It therefore reversed the district court's denial of CommScope's JMOL motion on the issue of no infringement.

The *01 Communique* case similarly concerned a dispute between two technology companies, in which Communique sued Citrix for infringement of its remote computer connection service patent. *See 01 Communique*, 889 F.3d at 737–39. A jury returned a split verdict—Citrix had not established that the claims at issue in the patent were invalid, and Communique had not established infringement—and the district court denied Communique's motion for a new trial. On appeal, the Federal Circuit reviewed the invalidity defense as it had been presented below: Citrix had argued that "under the trial court's claim construction [the claims at issue] were valid, but not infringed, [and] if Communique attempted to expand the scope of its claims . . . then the claims would be invalid in light of the prior art." *Id.* at 741–42 (internal citations omitted). The Federal Circuit confirmed that "[t]here was nothing improper about this argument"; in fact, the argument "correctly recognized that claim terms must be 'construed the same way for both invalidity and infringement.'" *Id.* at 743 (quoting *Amgen Inc. v. Hoechst Marion*

11

*Roussel, Inc.*, 314 F.3d 1313, 1330 (Fed. Cir. 2003)).  This conclusion, in part, led to the Federal Circuit affirming the district court's order.

Both *CommScope* and *01 Communique* discuss the importance of construing claims consistently for both validity and infringement—a proposition that the Federal Circuit has repeatedly maintained.  *See, e.g.*, *Source Search Techs., LLC v. LendingTree, LLC*, 588 F.3d 1063, 1075 (Fed. Cir. 2009) (collecting cases).  But neither case arose in a posture like this one.  Perhaps more importantly, neither case provides a mandate that—as Intel argues here—the PTAB's unreviewed construction of a patent should control a district court's construction of the patent.  And as XMTT points out, district courts have also maintained that they are not required to adopt a PTAB construction.  *See, e.g.*, *United Therapeutics Corp. v. Liquidia Techs., Inc.*, No. CV 20-755, 2021 WL 5371461, at *3 (D. Del. Nov. 18, 2021).

The Court finds *SkyHawke Technologies, LLC v. Deca International Corp.*, 828 F.3d 1373 (Fed. Cir. 2016), instructive in resolving this tension, as its procedural posture is relatively similar to this case.  SkyHawke sued Deca for infringement of its patent, and the PTAB granted Deca's request for *inter partes* review.  The Board construed various claims and based on those constructions confirmed patentability.  Even though it had prevailed, SkyHawke appealed, asking the Federal Circuit to correct the PTAB's claim construction but affirm its ultimate decision.  SkyHawke did so because it was "concerned that the district court [would] rely on the Board's claim construction and that Deca [would] thereby escape the infringement suit." *Id.* at 1376.  The Federal Circuit acknowledged this concern but indicated that SkyHawke would not be bound by the Board's constructions:

12

> SkyHawke will have the opportunity to argue its preferred claim construction to the district court, and SkyHawke can appeal an unfavorable claim construction should that situation arise. With the present appeal, SkyHawke is merely trying to preempt an unfavorable outcome that may or may not arise in the future and, if it does arise, is readily appealable at that time.

*Id.* at 1376–77. As such, the Federal Circuit followed the prudential rule that a prevailing party cannot seek relief in an appellate court and declined review.

For these reasons, the Court concludes that it is not required to adopt the PTAB's construction of the relevant terms. Additionally, to the extent that Intel premises its argument for interpretation consistency on the contention that XMTT has taken inconsistent positions, the Court disagrees for the reasons set forth above. XMTT's primary argument has always been that construction is not necessary.

**C.   Collateral estoppel**

Intel's final argument is that collateral estoppel, or issue preclusion, precludes XMTT from pursuing claim constructions different from used by the Board. Issue preclusion requires: 1) the identical issue was actually litigated in a previous proceeding; 2) the issue was adjudicated; 3) the previous determination was necessary to the decision; and 4) the party being precluded from relitigating the issue was fully represented in the prior action. *See Jean Alexander Cosms., Inc. v. L'Oreal USA, Inc.*, 458 F.3d 244, 249 (3d Cir. 2006).

This argument lacks merit. To the extent that the Federal Circuit decision could provide the basis for issue preclusion, the Federal Circuit did not actually decide the issue of claim construction; its decision was singularly premised on judicial estoppel. *See Intel Corp.*, 2022 WL 1152312 at *1. To the extent that Intel premises its argument on the PTAB decision, XMTT appropriately cites *SkyHawke* to support its contention

13

that issue preclusion does not apply. In *SkyHawke*, the Federal Circuit rejected the proposition that a PTAB claim construction could provide the basis for issue preclusion in federal court and offered two reasons why: first, the failure to satisfy the "actually litigated" element; and second, the lack of a right to appeal by the litigant against whom issue preclusion would apply. *See SkyHawke*, 828 F.3d at 1376.

The first reason offered in *SkyHawke* is no longer applicable. When *SkyHawke* was decided, the Board used a "broadest reasonable interpretation" standard that differed from the claim construction standard used by Article III courts, meaning the issue was not "actually litigated" under the more stringent standard. *See id.* at 1376. But in 2018, the U.S. Patent and Trademark Office issued a rule that aligned the PTAB's claim construction standard with the standard used by Article III courts. *See* 37 C.F.R. § 42.100(b) (2018). The PTAB decision in this case followed this standard. *See Intel Corp.,* 2021 WL 1895938, at *3 n.1.

But the second reason offered in *SkyHawke*—the lack of a right to appeal— "counsel[s] against" applying issue preclusion in this case.[1] *Doe v. Hesketh*, 828 F.3d 159, 174 (3d Cir. 2016). In short, "[i]t is axiomatic that a judgment is without preclusive effect against a party which lacks a right to appeal that judgment." *Penda Corp. v. United States*, 44 F.3d 967, 972–73 (Fed. Cir. 1994); *see also Kircher v. Putnam Funds Tr.*, 547 U.S. 633, 647 (2006); *SkyHawke Techs.*, 828 F.3d at 1376. The Third Circuit has recognized this "equitable exception" to issue preclusion, which applies "where

---

[1] It is not entirely clear whether this exception to issue preclusion is mandatory or discretionary. *See, e.g., Biogen Int'l GmbH v. Amneal Pharms. LLC*, 487 F. Supp. 3d 254, 266 n.12 (D. Del. 2020) (discussing when issue preclusion is required). To the extent that the exception may be discretionary, the Court concludes that it applies.

14

'[t]he party against whom preclusion is sought could not, as a matter of law, have obtained review of the judgment in the initial action.'" *Hesketh*, 828 F.3d at 174 (quoting Restatement (Second) of Judgments § 28) (alteration in original).  Because XMTT prevailed before the PTAB, it had no right to appeal to the Federal Circuit.  This sort of procedural history is precisely why this equitable exception to issue preclusion exists. *See Standefer v. United States*, 447 U.S. 10, 23 n.18 (1980) (explaining that issue preclusion "is premised upon an underlying confidence that the result achieved in the initial litigation was substantially correct" and that without appellate review "such confidence is often unwarranted").  Put simply, the Court will not premise issue preclusion on the proposition that XMTT, as appellee, *could have* asserted claim construction arguments, especially when its judicial estoppel argument was (at least as seen by the Federal Circuit) pretty close to a slam dunk.

The Court rejects issue preclusion as a basis for Intel's proposed constructions.

### Conclusion

For the foregoing reasons, the Court denies the defendant's request for a supplemental claim construction order [dkt. no. 262].  A joint status report is to be filed on August 26, 2022.  The case is set for a telephonic status hearing on August 31, 2022, at 8:30 a.m. CT (9:30 a.m. ET).  The following call-in number will be used:  888-684-8852, access code 746-1053.

_____
MATTHEW F. KENNELLY
United States District Judge

Date:  July 22, 2022